UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: | } |
| | } |
| HANNAH M. SHOULDERS, | } Case No. 05-81239-CRJ-13 |
| | } |
| | } Chapter 13 |
| Debtor(s). | } |
| | } |

**MEMORANDUM OPINION ON MOTION TO REOPEN**

This case came before the Court on November 18, 2024 on the pleading styled "Motion to Reopen Chapter 13 Bankruptcy Pursuant to 11 U.S.C. § 350(b) 10 U.S.C. § 4007 Motion to Hold Creditor in Contempt Pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 524(a)(1)(2)(3) on Grounds that Creditor is Currently in Violation of the Automatic Stay and Final Discharge Injunction Each Granted by this Court Motion for Emergency Injunctive Order or Process Pursuant to 11 U.S.C. § 105(a)," ECF No. 89 (hereinafter "Motion to Reopen"), filed by Timothy Weakley, Cassandra Dawson, and Jeleesa Weakley (hereinafter collectively, the "Movants"); Objection and Response by the Lauderdale County Revenue Commissioner to Motion to Reopen Chapter 13 Bankruptcy, for Contempt, and for Emergency Injunctive Order, ECF No. 92 (hereinafter "Objection"); the Memorandum and Evidentiary Exhibits filed by Movants in support of their Motion to Reopen, ECF No. 100 (hereinafter "Memorandum"); Movant's Opposition to Creditor Lauderdale County Revenue Commission's Objections [and] Movant's Motion to Strike, ECF No. 101; and The Lauderdale County Revenue Commissioner's Response to the Supporting Memorandum and Opposition to Objections/Motion to Strike, ECF No. 103 (hereinafter "Response"). Appearances were made by Timothy Weakley and Cassandra Dawson, proceeding *pro se*, and Jamie Helen Kidd

Frawley, Esq., counsel for the Lauderdale County Revenue Commission (hereinafter "Lauderdale County").

The above-styled case has been closed for sixteen years, since December of 2008. The Movants state that they seek to reopen their mother's Chapter 13 case to "restore" certain real property located at 2033 Randolph Street, Florence, Alabama (hereinafter the "Randolph Street property") "back to the bankruptcy estate."[1] In 2021, Hannah M. Shoulders (hereinafter the "Debtor") passed away intestate. The Movants are the Debtor's children and heirs at law. Movant Jeleesa Weakley was granted Letters of Administration dated July 15, 2021 by the Lauderdale County Probate Court as the Personal Representative of the Debtor's probate estate.[2]

The Movants generally allege that their mother exercised her statutory right of redemption to redeem the Randolph Street property from a prepetition tax sale while her Chapter 13 case was pending and that Lauderdale County subsequently failed to withdraw the property from the tax sale to the State of Alabama Department of Revenue (hereinafter the "State") in violation of the automatic stay and/or discharge injunction. Lauderdale County asserts that the Debtor failed to redeem the Randolph Street property and that the Movant's Motion to Reopen is both untimely and an inappropriate attempt to set aside a final state court judgment entered against the Movants quieting title to the subject property.

The Court has carefully considered the pleadings, the arguments of the parties, and the applicable law, and makes the following findings of fact and conclusions of law pursuant to Rules

---

[1] Motion to Reopen, ECF No. 89.
[2] *Id.*

2

7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, finding that the Movants failed to establish that cause exists to reopen the above-styled case for the reasons set forth herein.[3]

I.  **Background and Findings of Fact**

On March 11, 2005, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Alabama, commencing her Chapter 13 bankruptcy case (the "Petition"). On Schedule A. Real Property, the Debtor listed the following property: (i) a "home" which was identified separately in the Petition as property located at 406 Park Lane, Florence, Alabama; (ii) a house located at 233 Randolph, Florence, Alabama; and (iii) a vacant house located at 421 Irvine, Florence, Alabama.

The relevant parcel of property for purposes of the Movant's Motion to Reopen is the Randolph Street property which was misidentified in the Petition as "233 Randolph." The Movants acknowledge in their Motion to Reopen that the Debtor failed to pay the 2001 property taxes owed to Lauderdale County for the Randolph Street property and that the County sold the property to the State in 2002 for failure to pay the 2001 taxes, three years before the Debtor filed her Petition.

Lauderdale County acknowledges that the Petition tolled the Debtor's statutory right of redemption under ALA. CODE §§ 40-10-120 and 40-10-121 and that it appears that the Debtor originally intended to exercise her right of redemption through her Chapter 13 Plan. On Schedule E. Creditors Holding Unsecured Priority Claims, the Debtor listed Lauderdale County as a priority creditor in the amount of $4,831.00 which she proposed to pay in full. Nevertheless, nothing was paid to Lauderdale County through the Chapter 13 Plan for the 2001 property taxes. On May 12,

---

[3] To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. Alternatively, to the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

2005, Lauderdale County filed Claim No. 4 in the amount of $4,151.10 for debt incurred October of 2001 related to the Randolph Street property identified in the proof of claim as "PPINN 61527."[4] Lauderdale County subsequently withdrew the claim on May 9, 2008 and the Chapter 13 Trustee's Final Report reflects that Claim No. 4 was not allowed by the Court and that nothing was ever paid on the claim by the Chapter 13 Trustee.[5]

The Trustee's Final Report further reflects that Lauderdale County was paid a total of $958.94 for Claim Nos. 1, 9, 10, and 11.[6] A careful review of these claims reveals that they were filed for the following debts unrelated to the 2001 property taxes for the Randolph Street property: (i) Claim No. 1 – filed for debt incurred October 1, 2004 in the amount of $291.44; (ii) Claim No. 9 – filed for debt incurred October 1, 2005 in the amount of $205.84; (iii) Claim No. 10 – filed for debt incurred October 1, 2006 in the amount of $205.84; and (iv) Claim No. 11 – filed for debt incurred October 1, 2007 in the amount of $255.82.

Nevertheless, the Movants allege that their mother redeemed the Randolph Street property on May 12, 2005 by paying $4,551.00 directly to Lauderdale County "for the settlement of her tax debt."[7] According to the Movants, the Debtor "**redeemed** two properties identified as: PPIN '10724' a.k.a. 2033 Randolph street and PPIN '61527' a.k.a. 421 West Irvine Street. [See exhibit 2 land sale redemption receipt]"(hereinafter "Movant's Exhibit 2").[8] Thereafter, the Movants allege that Lauderdale County failed to file certain required documents with the State to have the Randolph Street property removed from the tax sale which resulted in the ultimate sale of the property by the State to a third party in 2021, thirteen years after this case was closed.

---

[4] Proof of Claim No. 4.
[5] Trustee's Final Report, ECF No. 85.
[6] Id.
[7] Memorandum, ECF No. 100, p. 5, line 68.
[8] Id. at lines 69-71[emphasis in original].

4

Lauderdale County argues that the Debtor did not in fact redeem the Randolph Street property and that the exhibit relied upon by the Movants as evidence that their mother redeemed the property, Movant's Exhibit 2, is not an official receipt generated by Lauderdale County evidencing redemption of the Randolph Street property as alleged.[9] Rather, according to the Declaration of Amy Hanback, Chief Clerk of the Lauderdale County Revenue Commissioner's Office, Movant's Exhibit 2 is a "document that was generated at the request of Ms. Shoulders to inform her of the amount that *would be* required to redeem the property as of May 12, 2005."[10] If the payment had been made and the property redeemed, Lauderdale County alleges that the "number field" located on the document would contain the number for the Certificate of Redemption issued by the Probate Judge.[11] A review of Movant's Exhibit 2 reflects that the number field is blank and that the bottom of the Exhibit states "WARNING – NO PAYMENT OR REDEMPTION NUMBER".[12]

After the Court closed the Debtor's case on December 3, 2008, it appears that the Debtor and/or members of her family continued to reside at the Randolph Street property until the property was eventually sold by the State to a third party who then filed an action to quiet title to the property. On June 23, 2021, the State sold the property to Bradley Tyler Combs ("Combs") who then filed an action in the Circuit Court of Lauderdale County, Alabama, Case No. 41-CV-2021-900251 to quiet title to the property.[13] Movants state in their Motion to Reopen that the civil action was commenced shortly after their mother passed away and that Combs was granted a default judgment which was eventually vacated. Combs then sold the Randolph Street property to Robert

---

[9] *See* Response, ECF No. 103.
[10] *Id.*, Exhibit A - Declaration of Amy Hanback Under Penalty of Perjury [emphasis added].
[11] *Id.*
[12] Memorandum, ECF No. 100, Movant's Exhibit 2.
[13] *See* Motion to Reopen, ECF No. 89, p. 23, and Objection, ECF No. 92, p. 7.

5

and Alisa Dickson (hereinafter the "Dicksons") who commenced an ejectment action against the Movant's brother, Jason Bates, in the Circuit Court of Lauderdale County, Alabama, Case No. 41-CV-2023-900148.00.[14] Thereafter, a flurry of state court actions were filed between the parties, summarized in an Order dated April 29, 2024 by the Circuit Court of Lauderdale County in Case No. 41-CV-2023-000027.00 as follows:

> This matter was called for BENCH TRIAL on two related cases, to-wit: Case No. CV-2021-900251, styled Bradley Tyler Combs v. Hannah Weakley Carroll (or, more properly, the Estate of Hannah (Shoulders) Weakley Carroll), Timothy Weakley (son of Ms. Weakley), Cassandra Dawson (daughter of Ms. Weakley), and Timothy Staggs (deceased), which was an action to quiet title that was granted by default after service by publication (despite Ms. Weakley's estate being administered in probate court). In that case (CV-2021-900251), the default was granted, an [sic] Circuit Court order issued quieting title, then the property was sold by Bradley Tyler Combs to Robert and Alisa Dickson, only later (after the sell) the default was set aside on behalf of the Weakley family and the action to quiet title set for trial-after the property had transferred to Robert and Alisa Dickson, who now claim to be bona fide purchasers for value.
>
> The other case, Case No. CV-2023-900148, styled Cassandra Dawson and Jason Bates v. Rob (and Alisa) Dickson and Bradley Tyler Combs, is a *pro se* lawsuit labeled as "Petition for Adverse Possession," which alleges the same or similar grounds as the action for quiet title filed against the Weakley family by Bradley Tyler Combs.
>
> A third case, Case No. CV-2023-900148, is also collateral to this matter, which is styled Robert and Alisa Dickson v. Jason Bates, where the Dicksons obtained court order (dated December 7, 2023) ejecting the occupant, Jason Bates, from the property. Any and all unresolved matters were hereby CONSOLIDATED for trial, without objection by any party.[15]

After summarizing the pending consolidated actions, the Circuit Court took the matter under advisement and gave the Movants additional time to submit the deed transferring the Randolph Street property from the prior owner, Timothy Staggs ("Staggs), to the Debtor. The Circuit Court explained that a dispute had arisen as to whether Staggs actually transferred the

---

[14] Objection, ECF No. 92, Exhibit D.
[15] Objection, ECF No. 92, Exhibit G.

property by deed to the Debtor.[16] On September 3, 2024, the Circuit Court entered an Order Quieting Title in favor of the Dicksons after the Movants failed to submit the deed.[17] Thereafter, having exhausted any relief in their various Circuit Court actions, on September 18, 2024, the Movants filed the Motion to Reopen which is now before this Court, seeking to have the Randolph Street property "restored . . . to the bankruptcy estate."[18] While the Movants argue in their Memorandum that they do not seek to relitigate the state court actions quieting title to the subject property, they nevertheless state in their prayer for relief that they seek, in part, "[a]n order that condemns and voids the sale of the bankruptcy estate's 2033 Randolph St. property; or that renders the sale of said property *void ab initio* as a function of law."[19] Alternatively, the Movants stated in open Court that even if the property cannot be restored to the bankruptcy estate that they seek the opportunity to file an action in this Court against Lauderdale County for violating the automatic stay and/or discharge injunction.

## II.     Conclusions of Law

Section 350(b) of the Bankruptcy Code states that a closed bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."[20] "The decision to re-open a case is a decision solely within the discretion of the bankruptcy court."[21] When determining whether to exercise their equitable powers, bankruptcy courts will "not re-open a bankruptcy case to allow an issue previously

---

[16] *Id.*
[17] Objection, ECF No. 92, Exhibit H.
[18] Motion to Reopen Case, ECF No. 89, p. 2.
[19] *See* Memorandum, ECF No. 100, lines 282-317.
[20] 11 U.S.C. § 350(b).
[21] *In re Hackney,* 2007 WL 128739 *3 (Bankr. N.D. Ala. 2007)(J. Mitchell).

7

Case 05-81239-CRJ13    Doc 105    Filed 12/11/24    Entered 12/11/24 08:26:03    Desc Main Document    Page 7 of 12

litigated in state court" to be relitigated in the bankruptcy court.[22] A bankruptcy case should also "not be reopened where it would be a futile exercise or waste of judicial resources. . . . If a moving party cannot obtain the substantive relief which it intends to seek, 'then there is no reason to grant a motion to reopen.'"[23]

To determine whether cause exists to reopen a closed bankruptcy case, the Eleventh Circuit has stated that the Bankruptcy Code "incorporates the standards of Rule 60(b), Fed. R. Civ. P. *See* Fed. R. Bankr. P. 9024 . . . [under which] a party may be relieved from a final judgment or order for several reasons. Among these are the following: newly discovered evidence, fraud or misrepresentation, the judgment is void or has been discharged or vacated, and 'any other reason that justifies relief.' Fed. R. Civ. P. 60(b)."[24] Other non-exclusive factors considered by courts include: "(1) the length of time the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue that is the basis for reopening the case; (3) whether prior litigation in the bankruptcy court determined that another court would be the appropriate forum; (5) the extent of the benefit to *any party* by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming if the motion to reopen is granted."[25] The moving party bears the burden of establishing that a closed bankruptcy case should be reopened for cause.[26]

While the Movants assert numerous grievances against Lauderdale County including that: (i) Lauderdale County allegedly had a duty to "recall" the Randolph Street property from the tax sale while the Debtor's Chapter 13 case was pending pursuant to the Debtor's confirmed Chapter 13 Plan; (ii) Lauderdale County allegedly collected the 2001 ad valorem taxes multiple times

---

[22] *Id.*
[23] *In re Group Mgmt. Corp.,* 2022 WL 14929963 *17 (Bankr. N.D. Ga. 2019)(Hagenau, J.)
[24] *Mohorne v. Beal Bank (In re Mohorne)*, 772 Fed. Appx. 846, 847 (11th Cir. 2019).
[25] *Renasant Bank v. Env't Wood Products, Inc. (In re Env't Wood Products, Inc.).* 609 B.R. 901, 912 (Bank. S.D. Ga. 2019).
[26] *Id.*

(when it sold the property to the State, when their mother subsequently made a postpetition payment to Lauderdale County, and pursuant to payments made through the Chapter 13 Plan); (iii) Lauderdale County withdrew Claim No. 4 in the amount of $4,151.10, accompanied by a letter withdrawing the claim; and (iv) Lauderdale County allegedly misapplied certain tax payments, the Court finds that the most relevant inquiry for purposes of determining whether cause exists under § 350(b) of the Bankruptcy Code to reopen the Debtor's case is whether or not the Debtor redeemed the Randolph Street property under Alabama law.

Here, it is undisputed that the Randolph Street property was sold at a tax sale in May of 2002 by Lauderdale County to the State for failure to pay the related 2001 property taxes. Accordingly, when the Debtor filed her Petition her interest in the property was limited to her statutory right of redemption under ALA. CODE §§ 40-10-120 and 40-10-121. Under Ala. Code § 40-10-120, real estate sold for taxes and purchased by the State may be redeemed at any time before title passes out of the State.[27] To redeem land sold to the State, the party seeking to redeem the property must "deposit with the judge of probate of the county in which the land is situated the amount of money for which the lands were sold, with interest thereon at the rate of eight percent, together with the amount of all taxes found to be due on such land since the date of sale, as provided herein, with interest at the rate of eight percent and all costs and fees due to officers."[28]

While the Movants argue that their mother redeemed the Randolph Street property by paying $4,551.00 to Lauderdale County on May 12, 2025 as evidenced by Movant's Exhibit 2, the Court finds that the exhibit upon which the Movant's rely is not evidence of redemption which satisfies the statutory requirement under ALA. CODE § 40-10-121 pursuant to which payment must

---

[27] ALA. CODE § 40-1-120(a).
[28] ALA. CODE § 40-10-121(a).

be made to the judge of the probate county in which the parcel of land is located. When questioned in open Court whether the Movants have a Certificate of Redemption from the Lauderdale Probate Court, the Movants responded that they did not.

As previously noted above, a review of Movant's Exhibit 2 reflects that the document includes the following notation, "WARNING – NO PAYMENT OR REDEMPTION NUMBER" which contradicts the Movants assertion that their mother paid the redemption price.[29] The Court further notes that Lauderdale County attached the same exhibit to Proof of Claim No. 4 filed by the County on May 12, 2005 in support of its claim for the 2001 tax debt in the amount of $4,151.10. While Claim No. 4 was ultimately withdrawn by Lauderdale County in 2008 for reasons unknown by the Court, the Court finds that it is unlikely that Lauderdale County would have attached the exhibit as documentation in support of the claim if the exhibit was actually evidence that the debt had been paid as alleged by the Movants. For all of the reasons stated herein, the Court finds that there is insufficient evidence to support the Movant's allegations that the Debtor redeemed the Randolph Street property as alleged.

Accordingly, because the Debtor failed to exercise her right of redemption under Alabama law, reopening this case to allow the Movants to assert a cause of action for violation of the automatic stay and/or discharge injunction would be futile and a waste of judicial resources. Under § 541(a) of the Bankruptcy Code, the term "'property of the estate' is defined broadly to include 'all legal or equitable interests of the debtor in property as of the commencement of the case.'"[30] As recognized by the Eleventh Circuit, "the nature and existence of" a debtor's "right to property is determined by looking at state law."[31] In the context of real property, the Eleventh Circuit has

---

[29]  Memorandum, ECF No. 100, Exhibit 2.
[30]  *Charles R. Hall Motors v. Lewis (In re Lewis)*, 137 F.3d 1280, 1283 (11th Cir. 1998).
[31]  *Id.*

explained that Alabama's statutory right of redemption is "a right that becomes property of the bankruptcy estate under the broad definition provided in Bankruptcy Code section 541."[32] However, the bankruptcy estate's ability to exercise a debtor's statutory right of redemption does not render such property "itself 'property of the estate.'"[33] Instead, "when a debtor files for Chapter 13 bankruptcy following the foreclosure sale of his property, he can cure the default through an exercise of his Alabama statutory right of redemption. This right cannot be modified under a Chapter 13 plan, and it must be exercised as dictated under Alabama law[.]"[34]

When the Debtor filed her Petition, she only possessed a statutory right of redemption in the Randolph Street property, which she failed, for whatever reason, to properly exercise under Alabama law. Further, the Trustee's Final Report shows that payments of only $958.94 were paid to Lauderdale County for post-petition claims unrelated to the 2001 ad valorum taxes related to the Randolph Street property. Thus, while the Debtor's Chapter 13 discharge relieved her *in personam* liability for the prepetition tax debt, the County's *in rem* tax lien with respect to the Randolph Street property survived the Debtor's discharge.[35] Accordingly, the Court finds that reopening this case would be a futile act because the property in question never became property of the Debtor's bankruptcy estate.

The Court further finds that reopening a case that has been dismissed for sixteen years in which the Debtor is deceased would be extraordinary remedy which is not justified under the circumstances of this case. While the Movants argue that they did not know or understand that there was an issue regarding the Randolph Street property until their mother passed away in 2021,

---

[32] *Commercial Fed. Mortg. Corp. v. Smith (In re Smith)*, 85 F.3d 1555, 1558 (11th Cir. 1996).
[33] *In re Lewis*, 137 F.3d at 1284.
[34] *In re Smith,* 85 F.3d 1555 at 1561.
[35] *See In re Holloway*, 245 B.R. 289, 292 (Bankr. M.D. Ala. 2000)("A discharge in bankruptcy relieves the debtor from his personal obligations to pay an indebtedness, however, any liens which were perfected as of the time the petition is filed, remain attached to the property.")

it is undisputed that the Movants have been involved in numerous state court actions regarding the subject property since that time for a period of more than three years. After the State sold the property in June of 2021, the purchaser of the Randolph Street property, Combs, filed an action in Circuit Court to quiet title. Subsequently, Combs sold the property to a third party, the Dicksons, who then commenced an ejectment action against the Movants' brother. Movant Cassandra Dawson and her brother then filed an action for adverse possession against the Dicksons. Ultimately, the various Circuit Court actions were consolidated and on September 3, 2024, the Circuit Court of Lauderdale County entered an Order Quieting Title in favor of the Dicksons after the Movants failed to prove that the Debtor actually ever had title to the property in question. It was only after the Movants failed to obtain the relief that they sought after litigating numerous issues related to the Randolph Street property in various Circuit Court actions that they moved to reopen their mother's bankruptcy case. The Court should not and will not reopen a case which has been closed for sixteen years in which the Debtor is deceased to allow issues which were vigorously litigated in state court to be relitigated in this Court.

Accordingly, the Court finds that the Motion to Reopen should be denied pursuant to § 350(b) for all of the reasons stated herein as there is no effective relief available to the Movants if this case is reopened. A separate Order will be entered in conformity with this Memorandum Opinion denying the Motion to Reopen.

IT IS SO ORDERED this the 11th day of December 2024.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge